# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**OSCAR CRUZ,**

**Plaintiff,**                          Case No.:

v.

**PIONEER WELDING AND**
**FABRICATION, INC.,**
**A Florida Profit Company,**

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff OSCAR CRUZ (hereinafter referred as "CRUZ" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant PIONEER WELDING AND FABRICATION, INC. (hereinafter referred as "PIONEER" or "Defendant"), pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA") and Florida's Workers' Compensation Law in violation of § 440.205. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not

limited to, equitable relief. In support of the foregoing, Plaintiff states as follows:

## PARTIES

1. CRUZ was hired by PIONEER in December of 2020.

2. CRUZ is protected by the ADAAA because he:

    a. Was suffering "a physical or mental impairment that substantially limits one or more [of his] major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

    b. Had "a record of such an impairment" because of his required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

    c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

3. PIONEER is a welding and manufacturing company in Apopka, Florida.

4. CRUZ was employed as a Welder for PIONEER.

5. By the very nature of its work, PIONEER is a corporation that is engaged in commerce.

6. PIONEER is engaged in an industry affecting commerce.

7. At all times material, CRUZ was an "employee" of PIONEER as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

8. At all times material, PIONEER was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

9. The Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331.

10. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

11. Plaintiff worked for PIONEER in Orange County, Florida.

12. PIONEER conducts business in Orange County, Florida.

13. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

14. On or about August 12, 2022, CRUZ timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American

with Disabilities Act (ADA).

15. The EEOC, on or about March 2, 2023, issued to CRUZ a Dismissal and Notice of Rights as to the Charge.

16. This action commenced within 90 days of CRUZ'S receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

17. Plaintiff worked as a Welder for Defendant, starting in December of 2020.

18. As a Welder, Plaintiff was paid $23.00 per hour, working full time.

19. Plaintiff suffered a workplace injury on January 21, 2022, when he injured his back.

20. Plaintiff's supervisor immediately sent him to the hospital.

21. Plaintiff reported to the doctor at the hospital that he had injured his back at work.

22. Plaintiff received a diagnosis of both spondylolysis, and spondylolisthesis.

23. Following the examination, Plaintiff's doctor recommended that he take three days to rest before returning to work.

24. Plaintiff requested accommodation to take three days away from work to rest and was allowed to take three days off from work.

25. Although still in immense pain, Plaintiff returned to work after the three-day period.

26. When Plaintiff returned to work, he spoke with the head supervisor to make him aware of his work-related injury.

27. The head supervisor asked Plaintiff why he went to the hospital without telling them.

28. Plaintiff indicated that he had reported his injury to his immediate supervisor and that his immediate supervisor is the one who recommended that he present to the hospital.

29. The head supervisor then accused Plaintiff of not reporting the accident and told him that he would either need to go to the hospital to tell them that the accident didn't happen at work, or he would be terminated.

30. Plaintiff refused to falsify the origin of his injury and was therefore immediately terminated.

31. Defendant's actions, including terminating Plaintiff, were discriminatory.

32. Defendant's actions, including terminating Plaintiff, were retaliatory.

## COUNT I
## DISABILITY DISCRIMINATION

33. CRUZ realleges and adopts, as if fully set forth herein, the

allegations in paragraphs 1-31 above.

34. CRUZ's medical conditions and restrictions were a motivating cause of PIONEER's discriminatory behavior towards CRUZ, and thus, constituted disability discrimination as proscribed by the ADAAA.

35. PIONEER's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation, discriminated against CRUZ with respect to the compensation, terms, conditions, or privileges of employment because of CRUZ's disability.

36. As a natural, proximate and foreseeable result of the actions of PIONEER, CRUZ has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

37. The conduct of PIONEER's management was in such reckless disregard of CRUZ's federal statutory rights against disability discrimination as to entitled CRUZ to recover an award of punitive damages to punish PIONEER and to deter it and others from such conduct in the future.

38. The disability discrimination CRUZ suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

39. CRUZ is entitled to recover reasonable attorneys' fees and litigation expenses against PIONEER.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant PIONEER, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to CRUZ;

b. Awarding judgment against PIONEER for the back pay and benefits to which CRUZ would have been entitled but for PIONEER's discriminatory acts;

c. Awarding judgment against PIONEER for compensatory damages;

d. Awarding judgment against PIONEER for punitive damages;

e. Enjoining PIONEER to reinstate CRUZ to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f. Awarding CRUZ his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g. Awarding CRUZ equitable relief in the form of an additional set-off for any negative tax consequences incurred by CRUZ as the result of any damage award entered in his favor in this action; and

h. Granting such other and further relief as the Court deems just.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADAAA

40. CRUZ realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-30, and 32 above.

41. CRUZ requested reasonable accommodation for his disability/perceived disability. This constituted protected activity under the ADAAA.

42. As a natural, proximate and foreseeable result of PIONEER's actions, CRUZ has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

43. The conduct of PIONEER's management was in such reckless disregard of CRUZ's federal statutory rights against retaliation as to entitle CRUZ to recover an award of punitive damages to punish PIONEER and to deter it and others from such conduct in the future.

44. The retaliation CRUZ suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

45. CRUZ is entitled to recover reasonable attorneys' fees and litigation expenses against PIONEER.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

    a.    Permanently enjoining Defendant PIONEER, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to CRUZ;

    b.    Awarding judgment against PIONEER for the back pay and benefits to which CRUZ would have been entitled but for PIONEER's retaliatory acts;

    c.    Awarding judgment against PIONEER for compensatory damages;

    d.    Awarding judgment against PIONEER for punitive damages;

    e.    Enjoining PIONEER to reinstate CRUZ to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting his front pay;

    f.    Awarding CRUZ his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

    g.    Awarding CRUZ equitable relief in the form of an additional set-off for any negative tax consequences incurred by CRUZ as the result of any damage award entered in his favor in this action; and

    h.    Granting such other and further relief as the Court deems just.

## COUNT III:
## RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES

46.    CRUZ realleges and incorporates all allegations contained within Paragraphs 1, 3-6, 9-13, and 17-31 above.

47. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

48. Plaintiff was threatened with discharge by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

49. Plaintiff was discharged by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

50. The retaliation to which Plaintiff was subjected was based on his disability.

51. The retaliation to which Plaintiff was subjected was based on his attempt to claim compensation Workers 'Compensation Law (Chapter 440, Florida Statutes).

52. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

53. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Declare that Defendant violated the aforementioned causes of action;

b. Grant a jury trial and entry of judgment in Plaintiff's favor;

c. Award back pay;

d. Award front pay;

e. Award compensatory damages;

f. Award liquidated damages;

g. Award prejudgment interests, and, if applicable, post-judgment interest;

h. Award any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __31st__ day of May, 2023.

                              Respectfully submitted,
                              s/ Edward W. Wimp
                              Edward W. Wimp, Esquire – LEAD COUNSEL
                              FBN: 1015586
                              Email: ewimp@theleachfirm.com
                              Direct: 407-574-6339

                              Anthony J. Hall, Esquire
                              FBN: 0040924
                              Email: ahall@theleachfirm.com

                              THE LEACH FIRM, P.A.
                              631 S. Orlando Ave., Suite 300
                              Winter Park, FL 32789
                              Telephone: (407) 574-4999
                              Facsimile: (833) 813-7513

                              Attorneys for Plaintiff